# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 3:16-143 |
| **LOUIS ELMY,** | : | (JUDGE MANNION) |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the defendant Louis Elmy ("Elmy"), (Doc. 46), based on the Supreme Court's recent decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). For the reasons set forth below, the motion will be **DENIED**.

### I. BACKGROUND

On February 19, 2016, Elmy was charged with two counts in a criminal information. (Doc. 1). On June 9, 2016, an amended criminal information was filed charging Elmy with Extortion Under Color of Right in violation of 18 U.S.C. §1951(a) in Count 1, and Possessing a Firearm in Furtherance of Drug Trafficking in Count 2. (Doc. 16). On June 6, 2016, Elmy entered into a plea agreement wherein he agreed to plead guilty to both counts. On July 21, 2016, Elmy appeared in court, waived indictment, and entered his guilty

plea. (Doc. 24; Doc. 25).[1] Elmy also filed a "Statement of Defendant" in which he stated, *inter alia*, "I am admitting that what the Government says about me in the Information is true and that I did, in fact commit the offenses with which I am charged." (Doc. 24, at 2). On March 23, 2017, Elmy was sentenced, *inter alia*, to 72 months' imprisonment. (Doc. 40).

On November 1, 2019, Elmy filed the present motion to vacate. (Doc. 46). On December 30, 2019, the government filed a brief in opposition. The matter is now ripe for this court's review.

## II. STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

---

[1] By verbal order dated August 23, 2016, the matter was reassigned to the undersigned.

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See *United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. See *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

## III. DISCUSSION

In *United States v. Davis*, the Supreme Court held that 18 U.S.C. §924(c)(3)(B)'s residual clause definition of "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague. 139 S.Ct. at 2336. This was so, the Court held, since it required a "categorical" approach for determining whether an offense qualified as a crime of violence, wherein a judge would disregard how the defendant actually committed the crime and instead estimate "the degree of risk posed by a crime's imagined 'ordinary case.'" *Id.* at 2326.

In his present motion, Elmy argues that his Count 2 conviction under 18 U.S.C. §924(c)(1)(A) must be vacated because it was predicated on the Hobbs Act Extortion Under Color of Right crime charged Count 1, which he asserts is improper because Count 1 cannot be considered a crime of violence under either Section 924(c)'s elements clause in 18 U.S.C. §924(c)(3)(A), or the now-unconstitutional (pursuant to *Davis*) residual clause in 18 U.S.C. §924(c)(3)(B).[2] More specifically, Elmy argues the Count

---

[2] In full, this section reads,

*(footnote continued on next page)*

1 Hobbs Act Extortion conviction "cannot be considered a crime of violation under [§]924(c)'s residual clause because that clause is void for vagueness." ([Doc. 46, at 2](Doc. 46, at 2)). As for the elements clause, Elmy argues that Hobbs Act Extortion does not qualify as a crime of violence because it does not require the "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A). Thus, he asserts, because Count 2 was predicated on Count 1, and because Count 1 cannot be considered a crime of violence, his Count 2 conviction must be vacated.[3]

Elmy argues that the Count 2 conviction is likewise infirm if predicated on drug trafficking, as is also contemplated by Section 924(c), because "the

---

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3)(A)-(B).

[3] Elmy contends that his present motion is timely since *Davis* announced a new substantive rule which must be applied retroactively here.

sentencing transcript does not support 'the drug trafficking offense', and no other record or fact exist [sic] that support [sic] the specifics as laid out in the statute [§]924(c)." ([Doc. 46, at 5](Doc. 46, at 5)).

While the government agrees that *Davis* set forth a new substantive rule that is retroactive, it argues that *Davis* is wholly inapplicable here. The government argues that Elmy's Count 2 conviction was not predicated on the Count 1 Hobbs Act Extortion pursuant to [18 U.S.C. §1951(a)](18 U.S.C. §1951(a)). Instead, the government argues, it was predicated on a drug trafficking crime, and therefore in not invalid under *Davis*. As to his second argument, the government argues that the portion of the sentencing transcript Elmy cites is immaterial to whether his Count 2 charge was predicated on drug trafficking, which, it argues, it clearly was based upon all documents of record.

With regard to Elmy's first argument, the question is whether his Count 2 Section 924(c) conviction was predicated on his Count 1 Hobbs Act Extortion conviction and depended on either the now-unconstitutional residual clause of Section 924(c) or the still valid elements clause, or whether it was predicated on a drug trafficking crime, as the government contends. Upon review of the criminal information, it is plain that Elmy's Count 2 conviction was not predicated on the Count I Hobbs Act Extortion crime but instead on a drug trafficking crime.

Section 924(c)(1)(A) pertains to "any person who, during and in relation to any crime of violence **or drug trafficking crime** (including a crime of violence or **drug trafficking crime** that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. §924 (emphasis added). As the government observes, *Davis* did not invalid that portion of Section 924(c) pertaining to those who carry firearms in the course of drug trafficking crimes.

The criminal information charged Elmy in Count 2 with "knowingly and intentionally us[ing] and possess[ing] a firearm . . . during and in relation to and in furtherance of **a drug trafficking crime** for which he may be prosecuted in a court of the United States, that is, the unlawful, knowing and intentional possession with intent to distribute a controlled substance, crack cocaine, a Schedule II Controlled Substance, a violation of 21 [U.S.C.] §841(a)(1)." (Doc. 16, at 5) (emphasis added). Therefore, whether Count 1 can be considered a crime of violence under Section 924, and whether *Davis* is implicated in that analysis, is immaterial here, since Count 2 was not predicated on it.

Also unavailing is Elmy's secondary argument that the sentencing transcript does not support that his Count 2 conviction was predicated on drug trafficking. Elmy cites the court's observation during sentencing that "there is no indication that you were involved in this . . . because you were trying to make some profit or become some drug lord or that you were trying to, you know, start your own business." (Doc. 45, at 8). However, the existence or absence of Elmy's motive for profit in committing the crime he pleaded guilty to in Count 2 does not change the fact that the criminal information, the plea agreement, the "Statement of Defendant," and the Judgment all definitively show that Count 2 was predicated upon his carrying of a firearm in the course of drug trafficking. *See* Doc. 16, at 5; Doc 18, at 2; Doc. 24, at 1-2; Doc. 40, at 1.

Accordingly, and the court will **DENY** Elmy's motion to vacate. (Doc. 46). An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 8, 2020**
16-143-01